FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 SEP 13 PM 3: 23

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**04-2571**

| | |
|---|---|
| **ST. PAUL SURPLUS LINES INSURANCE COMPANY** | **CIVIL ACTION NO.**_____ |
| **VERSUS** | **JUDGE:** ____ **SECT. C MAG. 3** |
| **HALLIBURTON ENERGY SERVICES, INC.** | **MAGISTRATE** _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, ST. PAUL SURPLUS LINES INSURANCE COMPANY ("ST. PAUL"), and brings this Complaint, upon information and belief, as follows:

1.

Made Defendant herein is HALLIBURTON ENERGY SERVICES, INC. ("HALLIBURTON"), a foreign corporation with its principal business establishment in the State of Louisiana at 1450 Poydras Street, Suite 2070, New Orleans, Louisiana, who may be served with process through its designated agent for service of process, CT Corporation System, 8550 United Plaza Boulevard, Baton Rouge, Louisiana 70809.

Fee $150.
Process_____
X Dktd_____
__ CtRmDep_____
__ Doc. No._____

2.

This Honorable Court has Admiralty and Maritime subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h).  Venue is proper in the Eastern District of Louisiana under 28 U.S.C.A. §1391(b)(c).

3.

ST. PAUL issued a policy of Commercial General Liability Insurance to LLOG Exploration Company ("LLOG"), Policy No. MU05530920 ("the policy"), which was in full force and effect on March 23, 2001.

4.

On April 18, 2000, LLOG entered into a Daywork Drilling Contract with R&B Falcon Drilling USA, Inc. ("Falcon") to drill a well with the inland drilling barge Falcon Rig No. 63 in territorial waters off the coast of Louisiana, Main Pass Block 47, State Lease No. 268, Well No. 4 (the "well").

5.

Pursuant to a Master Service Contract between LLOG and HALLIBURTON executed by HALLIBURTON in 1992, HALLIBURTON provided fluid services to the well aboard the Falcon Rig No. 63.

6.

On or about March 23, 2001, an accident occurred on Falcon Rig No. 63 involving a HALLIBURTON employee, Gilbert Goldman, when during the deballasting of the rig in preparation to move onto location, the subsurface gave way causing the rig to capsize, injuring Gilbert Goldman.

7.

On July 20, 2001, Gilbert Goldman filed suit against Falcon and LLOG in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana, Docket No. 132727, to recover damages under the General Maritime Law for injuries he sustained in the accident aboard the Falcon Rig No. 63 on March 23, 2001 as referenced hereinabove.

8.

Subsequently, Falcon demanded LLOG assume its defense and indemnity as to Gilbert Goldman's claims pursuant to the Daywork Drilling Contract of April 19, 2000, which demand was rejected for the reasons including that the indemnity provisions of the Daywork Drilling Contract violated the Express Negligence Test.

9.

On September 12, 2001, LLOG tendered its defense and indemnity in the *Gilbert Goldman* litigation to HALLIBURTON pursuant to the provisions of the 1992 Master Service Agreement between LLOG and HALLIBURTON, which tender was accepted by HALLIBURTON without reservation on October 11, 2001. Thereafter, HALLIBURTON appointed legal counsel to represent LLOG completely and without reservation with respect to the *Gilbert Goldman* litigation.

10.

On October 19, 2001, LLOG's counsel sent a letter to the attorney appointed by HALLIBURTON to represent LLOG confirming a telephone conference in which HALLIBURTON agreed to defend and indemnify LLOG for the tort and contractual indemnity claims arising from the capsizing of the Falcon Rig No. 63 on March 23, 2001, i.e., including Falcon's contractual indemnity claim asserted against LLOG pursuant to the Daywork Drilling Contract.

11.

On January 31, 2002, Falcon filed Limitation of Liability proceedings in the United States District Court, Eastern District of Louisiana in the matter entitled *"In the Matter of: R&B Falcon Drilling USA, Inc.,"* Civil Action No. 02-0241, Section B, Mag. 2, seeking exoneration from liability as to the claims asserted by Gilbert Goldman in the state court proceedings, and asserting a contractual indemnification claim against LLOG.

12.

On February 13, 2002, LLOG forwarded to the attorney appointed by HALLIBURTON to represent LLOG in Falcon's Petition for Exoneration or Limitation of Liability, which included Falcon's contractual indemnification claim against LLOG, requesting that HALLIBURTON defend the interest of LLOG under their defense and indemnity agreement.

13.

On March 21, 2002, legal counsel appointed by HALLIBURTON to represent LLOG under the defense and indemnity agreement filed an Answer on behalf of LLOG to Falcon's contractual indemnification claim, without any reservation of rights or notice to LLOG of any limitation to its defense of Falcon's contractual indemnity claim against LLOG.

14.

Subsequently, Falcon negotiated a settlement of Gilbert Goldman's claims asserted against it, and sought indemnity from LLOG through HALLIBURTON's appointed counsel, which demand was rejected on the basis that the indemnity provisions in the Daywork Drilling Contract between LLOG and Falcon violated the Express Negligence Test.

15.

On January 30, 2002, Falcon settled Gilbert Goldman's claims against it for the payment of

$550,000, then sought reimbursement from LLOG's insurer, ST. PAUL, filing a Third Party

Complaint against ST. PAUL in the Limitation of Liability proceedings referenced in Paragraph 11.

16.

ST. PAUL responded to the Third Party Complaint, denying that LLOG, it's insured, owed

indemnity under the Express Negligence Test, and that under the language of the ST. PAUL policy,

Falcon was not an additional insured, or alternatively, provided only excess insurance.

17.

Subsequently, on May 12, 2004, the United States Court of Appeal, Fifth Circuit, rendered

its decision in *East v. Premier, Inc.*, 2004 WL 1114441 (5th Cir. Tx.), in which it interpreted the

indemnity provisions of an identical Daywork Drilling Contract between LLOG and Falcon, holding

that the Express Negligence Test was not adopted by General Maritime Law, and that the indemnity

language of the Daywork Drilling Contract was sufficient to impose an indemnity obligation on

LLOG in favor of Falcon.

18.

Since LLOG's rejection of Falcon's indemnity demand was based upon the application of

the Express Negligence Test to the indemnity provisions of the Daywork Drilling Contract, in light

of the *East* decision, ST. PAUL agreed to abandon this defense and reimburse Falcon the $550,000

paid to Gilbert Goldman, in exchange for a complete release of Falcon's claims against LLOG and

ST. PAUL.

19.

Prior to payment of the $550,000 by ST. PAUL to Falcon, ST. PAUL again demanded on

June 23, 2004 that HALLIBURTON pay on behalf of LLOG the $550,000 settlement to Falcon,

pursuant to HALLIBURTON's contractual indemnity obligations under the Master Service

Agreement between HALLIBURTON and LLOG, and HALLIBURTON's unconditional assumption

of LLOG's defense and indemnity as to Falcon's contractual indemnity demand. HALLIBURTON

again rejected this demand on July 22, 2004.

20.

On August 23, 2004, Falcon acknowledged receipt of $550,000 paid by ST. PAUL in

settlement of the Gilbert Goldman claim, acknowledging that ST. PAUL's payment was made

entirely on behalf of its insured, LLOG, and not pursuant to the additional insured provisions of the

policy, which ST. PAUL maintains is inapplicable under the language of the endorsement. Falcon

dismissed all claims against LLOG, ST. PAUL and HALLIBURTON, and to the extent necessary,

agreed to subrogate ST. PAUL to all rights to reimbursement from HALLIBURTON.

21.

ST. PAUL is entitled to be reimbursed the full amount of $550,000 paid to Falcon on behalf

of LLOG regarding Gilbert Goldman's claim, for reasons including, but not limited to, estoppel,

based on HALLIBURTON's unconditional defense of LLOG as to Falcon's contractual indemnity

claim, including filing responsive pleadings on LLOG's behalf without any notice to LLOG of any

conditions or reservations to such defense.

22.

Additionally, under the provisions of the Master Service Contract between HALLIBURTON

and LLOG, which HALLIBURTON agreed to honor, HALLIBURTON was obligated to defend and indemnify not only LLOG, but also all invitees of LLOG, which included Falcon, thus obligating HALLIBURTON to reimburse Falcon for the Gilbert Goldman settlement, and not LLOG or its insurer, ST. PAUL. *Lirette v. Popich Brothers Water Transport, Inc.*, 699 F.2d 725 (5th Cir. 1983).

23.

The $550,000 payment made by ST. PAUL on behalf of LLOG to Falcon was not paid pursuant to any additional insured endorsement under ST. PAUL's policy, with ST. PAUL being subrogated to LLOG's rights to pursue reimbursement from Falcon under the terms of the policy.

WHEREFORE, ST. PAUL SURPLUS LINES INSURANCE COMPANY prays as follows:

1)    That Defendant, HALLIBURTON ENERGY SERVICES, INC., be ordered to reimburse ST. PAUL SURPLUS LINES INSURANCE COMPANY in the amount of $550,000 plus interest;

2)    For all equitable and general relief to which ST. PAUL SURPLUS LINES INSURANCE COMPANY is entitled.

Respectfully submitted,

BREAUD & LEMOINE

MICHAEL G. LEMOINE (Bar No. 8308)
Suite 1101, FNB Towers
600 Jefferson Street
Post Office Box 3448
Lafayette, LA 70502
(337) 266-2200
Counsel for ST. PAUL SURPLUS LINES
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

ST. PAUL SURPLUS LINES                    CIVIL ACTION NO. _____
INSURANCE COMPANY

VERSUS                                    JUDGE: _____

HALLIBURTON ENERGY SERVICES,              MAGISTRATE _____
INC.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel

of record by depositing same in the United States Mail, postage prepaid and properly addressed, this

10th day of September, 2004.

_____
MICHAEL G. LEMOINE